IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON VESSECCHIA,

      **Plaintiff,**

v.

COMPLIANCE STAFFING
AGENCY, LLC AND THE OHIO
COUNTY COAL COMPANY,

      **Defendants.**

ELECTRONICALLY
FILED
Jul 07 2023
U.S. DISTRICT COURT
Northern District of WV

Civil Action No. **5:23-CV-250**

The Honorable: **Bailey**

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Compliance Staffing Agency, LLC d/b/a Jennmar Services ("Jennmar") with the consent of the Ohio County Coal Company ("OCCC") hereby removes the state court action captioned *Jason Vessecchia v. Compliance Staffing Agency, LLC and the Ohio County Coal Company*, Case CC-25-2023-C-47 (filed in Circuit Court of Marshall County, West Virginia). In support of this Notice of Removal, Jennmar states that this Court has diversity jurisdiction over this action and pleads as follows:

## I.    SUMMARY OF THE CASE

1.    On or about May 2, 2023, Plaintiff Jason P. Vessecchia ("Plaintiff") commenced this action against Defendants Jennmar and OCCC (collectively, "Defendants") in the Circuit Court of Marshall County, West Virginia. Pursuant to 28 U.S.C. § 1446, a copy of all process, pleadings, and orders, that were duly filed in the office of the Clerk of the Circuit Court of Marshall County and served upon Jennmar, as well as the docket sheet, are attached hereto as "Exhibit 1."

17038614

2.     The West Virginia Secretary of State accepted service of process on behalf of Jennmar on June 7, 2023.  Thereafter, service of process was delivered to Jennmar. (Exhibit 1, p. 2).

3.     The four-count[1] complaint contains claims for discrimination, retaliation and wrongful termination in violation of the Worker's Compensation Act (counts I and IV), in violation of a public policy ("*Harless* action") (counts II and IV), and in violation of the Mine Safety Act (count III).

4.     Plaintiff demands compensatory damages in the form of "back pay, front pay, lost wages, lost benefits, loss of future earnings, future loss of benefits, and financial hardship"; special damages for "emotional distress, anxiety, [and] embarrassment"; punitive or exemplary damages; and "attorney fees, costs, interest[], and for such other relief as the Court or jury deems just." (Compl. ¶¶ 38-40).

## II.    <u>DIVERSITY JURISDICTION</u>

5.     Pursuant to 28 U.S.C. §1332(a)(1), the district court shall have original jurisdiction over all civil actions where (a) the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and (b) is between citizens of different states.

6.     As set forth below, this is a civil action of which the Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and is one that may removed be pursuant to 28 U.S.C. § 1441.  The dispute is between citizens of different states. As set forth more fully below, Plaintiff is a citizen of West Virginia, Jennmar is a citizen of Pennsylvania, and, upon information and belief, Defendant OCCC is a citizen of Ohio.

---

[1] The Complaint includes Counts designated as I – Worker's Compensation Discrimination/Retalitory [*sic*] Discharge, II – Retaliation in Violation of Public Policy, III – Violation of the Mine Safety Act, and a second III alleging Wrongful Termination. Because the allegations contained within Count III (second) appear to overlap with Counts I-III, the claims have been summarized in that manner.

17038614.1                                            2

Furthermore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### A.   There is Complete Diversity Between the Parties

7.   Complete diversity exists in this case, because Plaintiff and Defendants do not share any common state of citizenship.

8.   For purposes of diversity jurisdiction, an individual's citizenship is determined by his or her domicile. *See Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008).  A person's domicile is established by physical presence, coupled with "an intent to make the State a home." *Id*.

9.   With the exception of certain class actions, for purposes of diversity jurisdiction, the citizenship of a limited partnership or limited liability company is determined by the citizenship of its partners or members, regardless of the characterization of the partnership or membership.  *Gen. Tech. Applications*, *Inc. v. Exro Ltda*, 388 F.3d 114, 120–21 (4th Cir. 2004); s*ee also Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

10.   For purposes of diversity jurisdiction, the citizenship of a corporation is determined by (a) its place of incorporation and (b) its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); s*ee also Cent. W. Va. Energy Co.*, 636 F.3d at 102.  A corporation's principal place of business is always its "nerve center." *Id.* at 104 (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010)).

11.   Upon information and belief, and consistent with Plaintiff's own allegations in his Complaint, Plaintiff is domiciled in, a resident of, and citizen of the State of West Virginia. (*See* Exhibit 1, p. 5, Complaint ¶ 1).

12.     Jennmar is a Pennsylvania limited liability company with a sole member that is itself a limited liability company of which each member is a citizen only of the Commonwealth of Pennsylvania. Specifically, Jennmar's sole member is Calandra Group, LLC, which is a Pennsylvania limited liability company. Calandra Group, LLC has four members: three individuals, each of whom are domiciled in and citizens of Pennsylvania, and a fourth member, which is a separate Pennsylvania limited partnership, which consists solely of residents and citizens of Pennsylvania. Therefore, Jennmar is a citizen of Pennsylvania.

13.     Upon information and belief, OCCC, now and at the time of commencement of this action, is an Ohio corporation with its principal place of business in Ohio. Therefore, OCCC is a citizen of Ohio.

14.     Thus, complete diversity exists among these parties, as required by 28 U.S.C. § 1332.

**B.      The Amount in Controversy Requirement is Satisfied**

15.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

16.     "When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 732 (N.D. W. Va. 2005).

17.     Special or emotional distress damages, standing alone, can approach or surpass the $75,000.00 threshold. *See, e.g., CSX Transp., Inc. v. Smith*, 229 W. Va. 316, 729 S.E.2d 151, 160 n.9 (2012) (awarding plaintiff $280,000.00 for aggravation, inconvenience, indignation,

embarrassment, humiliation, and emotional distress in sexual harassment suit); *Mace v. Charleston Area Med. Ctr. Found., Inc.*, 188 W. Va. 57, 422 S.E.2d 624 (1992) (affirming $50,000.00 emotional distress award in a retaliatory discharge case).

18.    Also, the Court must consider "any punitive damages which may be awarded." *Allman v. Chancellor Health Partners, Inc.*, No. 5:08cv155, 2009 WL 514086, at *2 (N.D.W. Va. Mar. 2, 2009); *see, e.g., Heller v. Trienergy, Inc.*, 877 F. Supp. 2d 414, 428 (N.D. W. Va. 2012).   Indeed, the inclusion of a claim for punitive damages is typically sufficient by itself for the amount in controversy requirement to be met. As Judge Haden noted, a request for punitive damages "inevitably inflates a plaintiff's potential for recovery." *Bryant v. Wal-Mart Stores E., Inc.*, 117 F. Supp. 2d 555, 556 (S.D.W. Va. 2000).

19.    The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

20.    In this action, Plaintiff demands compensatory damages in the form of "back pay, front pay, lost wages, lost benefits, loss of future earnings, future loss of benefits, and financial hardship"; special damages for "emotional distress, anxiety, [and] embarrassment"; punitive or exemplary damages; and "attorney fees, costs, interest[], and for such other relief as the Court or jury deems just." (*See* Exhibit 1, p. 10, Complaint ¶¶ 38-40).

21.    Furthermore, in his Complaint, Plaintiff explicitly pled damages of "an amount in excess of the minimum jurisdictional limits of compensatory damages, plus interest and costs," "[t]ogether with punitive damages against the Defendants, in an amount that will punish Defendants from committing this type of conduct in the State of West Virginia in the future, and by setting an example, deter others from committing this type of conduct in the State of West

Virginia in the future and in such amount as will satisfy all other reasons of law and public policy for an award of punitive or exemplary damages." (*See* Exhibit 1, pp. 10-11, Complaint WHEREFORE paragraph).

22.    Based on the above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, exceeding the jurisdictional limit under 28 U.S.C. § 1332.

23.    Accordingly, federal diversity jurisdiction is established based on diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

### III.    VENUE AND PROCEDURAL REQUIREMENTS

24.    This Court is the appropriate venue because Marshall County, West Virginia is located within the district's jurisdictional territory.  *See* 28 U.S.C. § 129(b).

25.    This notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after receipt by Jennmar, through service or otherwise, of a copy of the initial pleading.

26.    As required by 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will be given to Plaintiff and to the Clerk of the Circuit Court of Marshall County, West Virginia.

27.    As summarized above, Jennmar has attached hereto as Exhibit 1 a copy of the entire state court record, including all process, pleadings, and orders, that were duly filed and served upon Defendants in this matter.

28.    OCCC's consent to removal is filed contemporaneously herewith.

29.    No admission of law or fact is intended by the filing of this notice of removal, and all defenses, affirmative defenses, and motions are hereby preserved.

17038614.1                                                       6

30.     The right to supplement this notice of removal or to present additional arguments in support of entitlement to remove and in support of this Court's jurisdiction is hereby reserved.

WHEREFORE, Defendant Compliance Staffing Agency, LLC d/b/a Jennmar Services, requests that this action be removed from the Circuit Court of Marshall County, West Virginia to the United States District Court for the Northern District of West Virginia, and that said state court proceed no further with said action.

Respectfully submitted this 7th day of July, 2023.

STEPTOE & JOHNSON PLLC
Of Counsel

*s/  Bonnie J. Thomas*
Bonnie J. Thomas                    (WV ID # 13476)
400 White Oaks Boulevard
Bridgeport, WV  26330
(304) 933-8000
bonnie.thomas@steptoe-johnson.com

John R. Callcott                    (WV ID #   9206)
1000 Swiss Pine Way, Suite 200
Morgantown, WV 26501
(304) 598-8000
john.callcott@steptoe-johnson.com

*Counsel for Defendant Compliance Staffing Agency,*
*LLC d/b/a Jennmar Services*

17038614.1                                7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON VESSECCHIA,

Plaintiff,

v.                                                          CIVIL ACTION NO.:   **5:23-CV-250 (Bailey)**

COMPLIANCE STAFFING
AGENCY, LLC AND THE OHIO
COUNTY COAL COMPANY,

Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July, 2023, I filed the foregoing "Notice of Removal" with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following counsel of record:

| | |
|---|---|
| Erika Klie Kolenich | Kara Hammond Coyle, Partner |
| Klie Law Offices | Young Conaway Stargatt & Taylor, LLP |
| 21 E. Main Street, Suite 160 | Rodney Square, 1000 North King Street |
| Buckhannon, WV 26201 | Wilmington, DE 19801 |
| ehklie@klielawoffices.com | kcoyle@ycst.com |
| *Counsel for Plaintiff* | *Counsel for Drivetrain, LLC, in its capacity as trustee and administrator for the Murray Energy Wind-Down Trust, as successor in interest to Ohio County Coal Company* |

s/ *Bonnie J. Thomas*
John R. Callcott                    (WV ID #   9206)
Bonnie J. Thomas                  (WV ID # 13476)

17038614.1